AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

| | |
|---|---|
| United States of America<br>v.<br>Brian Hawkins (1)<br>███████<br>*Defendant(s)* | )<br>)<br>) Case No.  **SA:23-MJ-00861**<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  June 7, 2023  in the county of  Bexar  in the
Western  District of  Texas , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21/846, 841(a)(1)&(b)(1)(A) | Conspiracy to Possession with Intent to Distribute 500 grams or more of Crystal Methamphetamine<br><br>PENALTIES:<br>10 years - life imprisonment; $10,000,000 fine; 5 years SR<br>$100 mandatory special assessment |

This criminal complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

Bryan Smith, DEA, TFO
*Printed name and title*

☐ Sworn to before me and signed in my presence.
☒ Sworn to telephonically and signed electronically.

Date:  6/13/2023

*Judge's signature*

City and state:  San Antonio, Texas   Henry J. Bemporad, US Magistrate Judge
*Printed name and title*

AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I am a Task Force Officer with the Drug Enforcement Administration (DEA) at the San Antonio District Office and have been so since 2012. I have been employed with the Bexar County Sheriff's Office since February 2003. In 2010, I was assigned to the Bexar County Narcotics Unit and in 2012 to the present, I have been assigned to the DEA San Antonio District Office as a Task Force Officer. I am a Bexar County Deputy Sheriff who has been deputized by the Drug Enforcement Administration as Task Force Officer which allows me to enforce state and federal laws primarily pertaining to narcotics related investigations and/or violations. I have made numerous State and federal arrests for narcotics related violations which have resulted in successful prosecutions.

I have worked on numerous investigations and assisted other federal, state, and local law enforcement agents and officers in their investigations on cases involving violations of Title 21, United States Code, Section 841(a)(1), the manufacture of, distribution of and possession with intent to distribute controlled substances and Title 21, United States Code, Section 846, conspiracy to commit the foregoing. Specifically, those investigations have focused on the manufacture and distribution of marijuana, methamphetamine, heroin, pharmaceutical pills, and cocaine. I am familiar with, and have participated in, all of the conventional investigative methods, including, but not limited to, electronic surveillance, visual surveillance, questioning of witnesses, search warrants, confidential informants, pen registers, trap and trace, and the use of undercover agents. Through my training and experience, I have become acquainted with the identification of various controlled substances. I have also become acquainted with the various methods used by individuals to possess, transport, and sell controlled substances in violation of federal law.

During the course of being a Narcotics Investigator and DEA Task Force Officer, I have participated in numerous investigations of illicit drug trafficking organizations. These investigations involved the use of confidential informants, wire and physical surveillance, telephone toll analysis, investigative interviews, and the service of search and arrest warrants. These investigations included the unlawful importation, possession with intent to distribute, and distribution of controlled substances, as well as the related laundering of monetary instruments, the conducting of monetary transactions involving the proceeds of specified unlawful activities, and conspiracies associated with criminal narcotics offenses, in violation of Title 21, United States Code, §§ 841(a)(1) and 846.

FACTS OF ARREST:

On June 7, 2023, a DEA CS was utilized to conduct recorded phone calls with ▓▓▓▓ ▓▓▓▓▓▓▓ (hereinafter ▓▓▓▓▓▓▓) for a prearranged drug transaction. During the recorded conversation, ▓▓▓▓▓▓ agreed to sell the CS one (1) pound of crystal methamphetamine for $2,000.00 USC. ▓▓▓▓▓▓ and the CS agreed to meet at the Super 8 Motel on Loop 1604 and Kitty Hawk, Universal City, Texas.

On the same date, the CS met with case agents at an undisclosed location and was searched for contraband yielding negative results. The CS was provided with $2,000.00 USC (OAF) and was followed to the Super 8 motel. Once arriving, the CS called ▆▆▆▆▆ to advise of their arrival. Surveillance units observed ▆▆▆▆▆ exit Room 706 and meet with the CS. The CS and ▆▆▆▆▆ walked in the motel room. ▆▆▆▆▆ sold the CS 176.1 grams of crystal methamphetamine for $1,400.00 USC. At the conclusion of the drug transaction, the CS departed the motel room and was followed to an undisclosed location. During the meeting, 176.1 grams of crystal substance that field tested positive for methamphetamine was relinquished from the CS. This is an amount consistent with distribution. The CS was again searched for contraband which yielded negative results. The crystal methamphetamine was processed and entered into the property room pending submission to the DEA South Central Laboratory for a formal analysis.

On June 12, 2023, the CS was again in recorded telephonic communication with ▆▆▆▆▆ for a prearranged drug transaction. ▆▆▆▆▆ had previously agreed to sell the CS five (5) kilograms of crystal methamphetamine for $20,000.00 USC. ▆▆▆▆▆ indicated to the CS that ▆▆▆▆▆'s crystal methamphetamine source of supply (SOS), later identified as Brian HAWKINS (hereinafter "HAWKINS"), would be present at the drug transaction for introduction purposes.

On the same date at approximately 1:00PM, surveillance was established at the residence of ▆▆▆▆▆ located in the ▆▆▆▆▆, San Antonio, Texas and within the Western District of Texas in anticipation of ▆▆▆▆▆'s departure. During the recorded phone calls, ▆▆▆▆▆ agreed to meet the CS in the area of IH35 North and Weidner Rd, San Antonio, Texas. Once arriving to the meet location, ▆▆▆▆▆ would enter the CS's vehicle and direct the CS to drive to the HAWKINS' location a short distance away.

At approximately 2:45PM, surveillance units observed ▆▆▆▆▆ depart the residence driving a Ford F150. ▆▆▆▆▆ was followed to the area of IH35N and Starlight Terrace which was in close proximity to the meet location. While ▆▆▆▆▆ was driving, ▆▆▆▆▆ observed surveillance following him and called the CS on the recorded line. During the communication, ▆▆▆▆▆ asked the CS if the CS had anyone following ▆▆▆▆▆. The CS indicated they did not even know where ▆▆▆▆▆ was currently at. As the conversation ensued, ▆▆▆▆▆ gave reference that it may have been law enforcement following him. ▆▆▆▆▆ told the CS that if the CS was law enforcement ▆▆▆▆▆ was already done because ▆▆▆▆▆ and the CS already conducted a previous drug transaction the week before. ▆▆▆▆▆ went into further details about how law enforcement charges people federally and the meeting between ▆▆▆▆▆ and the CS was going to have to wait.

A short time later, the CS received a phone call from HAWKINS. HAWKINS told the CS that ▆▆▆▆▆ gave HAWKINS the CS's number. As the recorded conversation continued, the CS and HAWKINS agreed to meet in a parking lot located at IH35 North and Topperwein Rd to discuss the anticipated drug transaction. The CS met with case agents at an undisclosed location where the CS was searched for contraband yielding negative results. The CS was provided with recording equipment and followed to the parking lot near IH35 North and Topperwein Rd.

The CS arrived to the meet location at approximately 7:00PM. A short time later, HAWKINS

arrived driving a gray Nissan SUV and called the CS. The CS directed HAWKINS to the CS's location. Once HAWKINS pulled up next to the CS, the CS exited their vehicle and entered the front passenger seat of HAWKINS vehicle. During the recorded conversation, the CS and HAWKINS discussed the upcoming drug transaction. HAWKINS agreed to sell the CS the five (5) kilograms of crystal methamphetamine for $20,000.00 USC and had the narcotics in HAWKINS motel room a couple miles away. The CS agreed to retrieve the drug proceeds from another location and HAWKINS agreed to retrieve the kilograms of crystal methamphetamine from HAWKINS' motel room. Both the CS and HAWKINS agreed to meet back at the same location to conduct the drug transaction. The CS exited HAWKINS' vehicle and both the CS and HAWKINS departed the meet location.

Aerial and ground surveillance followed HAWKINS to the Best Western Motel located at 11939 IH35N, San Antonio, Texas. HAWKINS entered Room #120 and closed the door. A short time later, HAWKINS was observed exiting the motel room with an orange shopping bag in hand. HAWKINS placed the orange shopping bag inside the gray Nissan SUV and departed the motel. HAWKNS was followed as HAWKINS traveled back towards IH35 North and Topperwein Rd. During the course of travel, HAWKINS failed to signal a lane change and a marked Bexar County Sheriff patrol unit got behind HAWKINS as HAWKINS exited IH35 North onto Topperwein Rd. Deputy Rasmusen activated his red/blue emergency lights in an attempt to conduct a traffic stop on HAWKINS. HAWKINS accelerated the Nissan SUV and began to flee. Additional marked BCSO patrol units aided in the pursuit of HAWKINS.

At the intersection of Topperwein and Kitty Hawk Rd, HAWKINS lost control of the gray Nissan SUV and collided with another passenger vehicle. Aerial surveillance observed HAWKINS exit the SUV with the orange shopping bag and flee on foot. HAWKINS removed the contents of the orange shopping bag, which was a large clear blue plastic bag, and run behind a shopping mall. Aerial surveillance further observed HAWKINS run underneath a tree where unmarked BCSO deputies were on foot chasing HAWKINS. Deputy Wolfe observed HAWKINS try to throw the clear blue plastic bag away from HAWKINS which hit a retaining wall and busted open. The contents of the clear blue plastic bag was suspected crystal methamphetamine.

HAWKINS jumped the retaining wall and ran towards a field where HAWKINS was ultimately taken into custody with the assistance of aerial support and BCSO K9. HAWKINS was escorted and placed inside a marked BCSO patrol unit. HAWKINS was read his Miranda Rights and refused to cooperate with law enforcement.

Members of BCSO Organized Crime Unit were able to recover the clear blue plastic bag and the crystal methamphetamine that was on the ground. The total approximate gross weight of the recovered crystal methamphetamine was 2.4 kilograms which field tested positive for methamphetamine. HAWKINS was transported to the Bexar County Jail South Tower for booking/processing.

Members of BCSO Organized Crime Unit went to the Best Western Inn and contacted management. Management confirmed that HAWKINS had rented Room #120 the same date. Your Affiant applied for and received a search warrant for HAWKINS' motel room. Upon

executing the search warrant, no other occupants were there. During the search approximately 2.1 kilograms of crystal methamphetamine, 187.9 grams of cocaine, 1.9 grams of heroin, 19 grams of Xanax, a digital scale, packaging, and $7,000.00 USC of alleged drug proceeds were recovered. These materials and quantities are consistent with drug distribution. Additionally men's clothing that would fit HAWKINS were found in the room.

In total approximately 4.5 kilograms of crystal methamphetamine was recovered. The alleged crystal methamphetamine field tested positive for methamphetamine, the alleged cocaine field tested positive for cocaine, and the heroin field tested positive for heroin.

_____
BRYAN SMITH, TFO, DEA

Sworn to telephonically on June  13  , 2023.

_____
HENRY J. BEMPORAD
US MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § | SA:23-MJ-00861 |
| Brian Hawkins | § § § § | |

**GOVERNMENT'S MOTION FOR DETENTION HEARING, FOR DETENTION, AND FOR CONTINUANCE**

TO THE UNITED STATES MAGISTRATE JUDGE:

The Government, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, and pursuant to 18 U.S.C. § 3141, *et. seq*, moves for pretrial detention of Defendant; for a detention hearing regarding the above-named Defendant; and for a continuance of said hearing. In support of these motions, the Government shows as follows:

**I.    MOTION FOR DETENTION HEARING**

The Government requests that a hearing be set regarding detention pursuant to 18 U.S.C. § 3142(f), as this matter involves one of more of the following:

☐ an offense with a maximum sentence of life imprisonment or death

☒ a qualifying controlled substance offense with a maximum sentence of 10 years or more

☐ a felony offense that involves the possession or use of a firearm (including but not limited to felon in possession of a firearm), destructive device, or any other dangerous weapon

☐ a felony offense that is a crime of violence as defined under 18 U.S.C. § 3156(a)(4) to include a felony offense under 18 U.S.C. chapter 77, 109a, 110 or 117

☐ a felony offense that involves a minor victim

☐ an offense that involves failure to register as a sex offender under 18 U.S.C. § 2250

☒ a serious risk that the Defendant will flee

☐ a serious risk that the Defendant will obstruct or attempt to obstruct justice

**II.     MOTION FOR DETENTION**

*Grounds for detention.*  The Government further requests that Defendant be detained pending trial in this case pursuant to 18 U.S.C. §§ 3141(a) and 3142(e), because no condition or combination of conditions will reasonably assure:

☒ Defendant's appearance as required

☒ the safety of any other person or the community

**III.    MOTION FOR CONTINUANCE**

*Three-day continuance.*  Pursuant to 18 U.S.C. § 3142(f), the Government moves for a three-day continuance of the detention hearing in the matter.

**IV.    NOTICE OF REBUTTABLE PRESUMPTION IN FAVOR OF DETENTION**

*Presumption of detention.*  In addition, the Government gives notice that 18 U.S.C. § 3142(e)(3) establishes a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community, because there is probable cause to believe that Defendant committed:

☒ a qualifying controlled substance offense with a maximum sentence of 10 years or more

☐ an offense under 18 U.S.C. § 924(c)

☐ an offense under 18 U.S.C. chapter 77 for which a maximum term of imprisonment of 20 years or more is prescribed

☐ a qualifying offense involving a minor victim

**V.     NOTICE OF APPLICABILITY OF TEMPORARY DETENTION OF UP TO 10 DAYS**

*Temporary detention.* The Government gives notice, pursuant to 18 U.S.C. § 3142(d), that Defendant is subject to temporary detention of up to ten days, as Defendant may flee or pose a danger to any other person or the community, and Defendant was:

☐ at the time the offense was committed, on release pending trial for a felony offense

☐ at the time the offense was committed, on release pending imposition or execution of sentence, appeal of sentence or conviction, or completion of sentence for an offense

☐ at the time the offense was committed, on probation or parole for an offense

☐ and is not, a United States citizen or not admitted lawfully for permanent residence

Respectfully submitted,

JAIME ESPARZA
United States Attorney

BY:     /S/
_____
RUSSELL LEACHMAN
Assistant United States Attorney
601 NW Loop 410, Suite 600
San Antonio, Texas 78216-5512
Phone: (210) 384-7150

UNITED STATES MAGISTRATE COURT

WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>Brian Hawkins,<br><br>    Defendant. | **SA:23-MJ-00861** |

**ORDER**

On this date the Court considered the Government's Motion to Detain Defendant, and the Court having reviewed said motion enters the following Orders:

**IT IS HEREBY ORDERED** that the Defendant be temporarily detained pending a hearing on the Government's Motion and until further Order of the Court, pursuant to 18 USC 3142(f).

**IT IS FURTHER ORDERED** that Defendant's bond hearing is set for _____ at _____ a.m. / p.m.

SIGNED AND ENTERED on:_____

_____
HENRY J. BEMPORAD
UNITED STATES MAGISTRATE JUDGE